Robert OTERO, Plaintiff–Appellant,

v.

**TOWN OF SOUTHAMPTON, Town of Southampton Police Department, and Andrew Mazzio, Police Officer, Defendants–Appellees.**

**Docket No. 02–7894.**

United States Court of Appeals, Second Circuit.

March 7, 2003.

Jerry Garguilo, Garguilo & Orzechowski, L.L.P., St. James, N.Y. (argued), for Plaintiff–Appellant.

Anita Nissan Yehuda, Michael T. Clifford & Assocs., Roslyn Heights, N.Y. (submitted), for Defendants–Appellees.

Present: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff–Appellant Roberto Otero ("Otero") appeals from an April 2, 2002 judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*) granting Defendants' motion for summary judgment on his claims for false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983. The District Court found these claims precluded by the existence of probable cause. On appeal, Otero contends that genuine issues of material fact were overlooked. We disagree, and therefore affirm.

On the evening of January 22, 1999, defendant Police Officer Andrew Mazzio ("Mazzio") was alerted by a citizen that a school bus was repeatedly crossing the center and shoulder lines. After being informed that the bus driver could be intoxicated, Mazzio followed the bus and after confirming the report of erratic driving stopped the bus. Otero was the driver of the bus. There was also one passenger, a disabled child. When Mazzio asked Otero to exit the bus, Otero exhibited coordination problems, and, upon questioning, stated that he had recently ingested cough syrup, which Mazzio believed contained "a quantity of alcohol."

On the basis of these observations, Mazzio took Otero to the police station for further questioning and observation. At

the station Otero failed four standard sobriety tests* and exhibited further coordination impairment. On these facts, he was charged with DWI and endangering the welfare of a child ("EWC"), pending the results of a blood test. On February 5, 1999, the DWI and EWC charges were dropped after blood test results indicated that Otero was not impaired by drugs and/or alcohol on the afternoon of his arrest. Subsequently, on March 9, 1999, Otero was recharged with reckless driving based on the same set of facts, and on June 14, 1999, he pleaded guilty to a lesser charge, failure to maintain his lane while driving.

■ We review a grant of summary judgment *de novo*. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 763 (2d Cir.2002). Otero argues that summary judgment was improper because disputed issues of fact remain with regard to probable cause. In doing so, he misunderstands the nature of probable cause and its bearing on his claims. Ordinarily, probable cause is a complete defense to claims of false imprisonment, false arrest, and malicious prosecution. *See Russell v. Smith*, 68 F.3d 33, 36 (2d Cir.1995); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.1995), *cert. denied*, 571 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). Probable cause exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. *See, e.g., Illinois v. Gates*, 462 U.S. 213, 241–46, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

The probable cause determination must be made on the basis of the totality of the circumstances, *id.* at 230–32, and in this case, the facts clearly demonstrate that probable cause existed to arrest and charge Otero with DWI and EWC on January 22, 1999, and to recharge him with reckless driving on March 9, 1999. Initially, both Mazio and a civilian witness observed Otero driving erratically. After his school bus was pulled over, Otero exhibited substantial speech and coordination impairment, and stated that he had earlier consumed a quantity of cough syrup, which is commonly known to contain alcohol. At the police station he failed four field sobriety tests and exhibited further coordination problems.** Viewed objectively as a whole, these facts gave Mazzio reasonable cause to believe that Otero had committed all of the charged crimes, DWI, EWC, and reckless driving.***

■ In so far as Otero sues for malicious prosecution, we note that probable cause may abate if subsequently discovered facts tend to exonerate the accused. *See Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir.1996). Accordingly,

---

* Otero was unable to follow a moving pen with his eyes while keeping his head straight. When asked to estimate the passing of 30 seconds with his eyes closed, Otero stopped the timer at 19 seconds. When asked to walk nine steps heel-to-toe forward and back again without raising his arms, Otero walked eleven steps forward and four steps back, all the while raising his arms, and when Otero was asked to stand on one foot, he could not do so for any amount of time without falling over.

** Sergeant Tanzi, of the Southampton Police Department, who observed Otero at police headquarters on January 22, 1999, noted that Otero had a "slick and slurred" speech, and that he had trouble keeping his hands together on the end of a table.

*** Otero argues that he was wrongfully charged under New York Vehicle and Traffic Law § 1192(3) which prohibits driving while intoxicated. Section 1192(3) provides, "[n]o person shall operate a motor vehicle while in an intoxicated condition." Although Mazzio stated that he did not suspect intoxication by alcohol at the time of Otero's arrest, he believed that Otero was in an intoxicated condition. Under these circumstances, it was reasonable to charge Otero under § 1192(3), although we leave it up to the New York

in this case, had Defendants proceeded on the basis of intoxication after learning of Otero's blood test result, they would not be permitted to rely on antecedent probable cause. However, Defendants did not so proceed. Rather, on February 5, 1999, approximately three days after the negative blood test results were returned, all pending charges against Otero were dismissed. Prior to receiving the test results, there was every reason to believe that Otero may have been intoxicated. As the District Court noted, "[a]t issue is whether there was probable cause to arrest and charge Plaintiff with the crimes, not whether there was an actual violation of the same." Moreover, given the undisputed evidence of Otero's erratic driving on the afternoon of January 22, 1999, the later reckless driving charge was appropriate.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

courts to clarify the precise scope of the statute.